Kevin S. Conlogue, SBN 285277
(Kevin@LOKSC.com)
**THE LAW OFFICE OF KEVIN S. CONLOGUE**
292 S. La Cienega Blvd., Ste. 207
Beverly Hills, CA 90211
Tel:   (213) 255-8837
Fax:   (213) 477-2069

Attorney for Plaintiff
CLIFTON PLEASANT, JR.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFTON PLEASANT, JR., an individual and successor-in-interest of CLIFTON PLEASANT, SR., deceased;<br><br>      Plaintiff,<br><br>   v.<br><br>HUMBERTO MIRANDA, an individual; TARRON BROADWAY, an individual; UNIDENTIFIED DEPUTIES, individuals; CITY OF VICTORVILLE, a public entity; COUNTY OF SAN BERNARDINO, a public entity; MILES KOWALSKI, an individual,<br><br>      Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES OF**<br><br>1) **Failure to Protect (42 U.S.C. § 1983)**<br>2) **Due Process—Interference with Parent/Child Relationship (42 U.S.C. § 1983)**<br>3) **Due Process—State Created Danger (42 U.S.C. § 1983)**<br>4) *Monell* **Claim (42 U.S.C. § 1983)**<br>5) **Bane Act Violation (Civil Code § 52.1)**<br>6) **Negligence**<br>7) **Violation of California's Public Records Act (Cal. Gov't Code §§ 6250, et seq.)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**DECLARATION OF CLIFTON PLEASANT, JR.** |

COMES NOW, Plaintiff, CLIFTON PLEASANT, JR., an individual and successor-in-interest of CLIFTON PLEASANT, SR., deceased, for his claims against Defendants, HUMBERTO MIRANDA, an individual; TARRON BROADWAY, an individual; UNIDENTIFIED DEPUTIES, individuals; CITY OF VICTORVILLE, a public entity; COUNTY OF SAN BERNARDINO, a public entity; MILES KOWALSKI, an individual, and each of them, complains and alleges as follows:

## INTRODUCTION

1.      This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under state law and the United States Constitution in connection with the death of CLIFTON PLEASANT, SR., while he was taken into custody on or about July 2, 2019, and released when CLIFTON PLEASANT, SR., was inebriated and a danger to himself and to others.

## PARTIES

2.      At all relevant times, Plaintiff, CLIFTON PLEASANT, JR. (hereinafter "Plaintiff"), an individual and successor-in-interest of CLIFTON PLEASANT, SR., deceased (hereinafter "Decedent"), is and was a resident of the County of Los Angeles, State of California.  Plaintiff is the only son and issue of the Decedent. Plaintiff has the superior right to bring this lawsuit as an individual and as a successor-in-interest pursuant to California Code of Civil Procedure §§ 377.11, 377.30.

3.      At all times herein relevant, Plaintiff is informed and believes, Defendant CITY OF VICTORVILLE ("CITY"), is and was a duly organized public entity, form unknown, existing under the laws of the State of California.

4.      At all times herein relevant, Plaintiff is informed and believes, Defendant COUNTY OF SAN BERNARDINO ("COUNTY"), is and was a duly organized public entity, form unknown, existing under the laws of the State of California.

5.      At all times herein mentioned, Defendant CITY and COUNTY have possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the Victorville Police Department ("VPD"), and particularly said

Department's Patrol, Internal Investigations and Training, and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics methods, practices, customs and usages.  Defendant COUNTY has contracted with Defendant CITY regarding the services and policing actions of the VPD.

6.      At all relevant times, CITY and COUNTY were the employers of Defendants HUMBERTO MIRANDA, TARRON BROADWAY, and UNIDENTIFIED DEPUTIES (hereinafter the "Responding Deputies"), and said individuals were employees and agents of CITY, COUNTY, and VPD.

7.      At all relevant times, Defendants Responding Deputies, and each of them, were duly authorized employees and agents of the CITY and COUNTY, who were acting under color of law within the course and scope of their respective duties as Peace Officers and with the complete authority and ratification of their principal, Defendants CITY and COUNTY, which are additionally liable in respondeat superior pursuant to section 815.2 of the California Government Code for the acts of said Defendants which are alleged herein.

8.      At all times relevant, Defendants Responding Deputies, and each of them, were duly appointed officers and/or employees or agents of CITY and COUNTY, subject to oversight and supervision by CITY's and COUNTY's elected and non elected officials.

9.      At all relevant times, Defendant MILES KOWALSKI, an individual, was an employee and agent of Defendant COUNTY authorized to act on behalf of Defendant COUNTY's response and compliance to Plaintiff's California Public Records Act requests.

10.      At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant herein.

11.      The true names of defendants UNIDENTIFIED DEPUTIES, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names as Defendants

CITY and COUNTY refused to properly identify said deputies as alleged *infra*. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the UNIDENTIFED DEPUTIES are responsible in some manner for the conduct and liabilities alleged herein.

12.     In doing the acts and failing and omitting to act as hereinafter described, Defendants Responding Deputies, and each of them, were acting on the implied and actual permission and consent of CITY and COUNTY.

13.     Prior to the commencement of this action, Plaintiff presented a government tort claim with CITY and COUNTY in full and timely compliance with the California Tort Claim Act. Said claim has been expressly denied or denied by operation of law by CITY and COUNTY. Plaintiff has complied with the requirements of the Government Code for the timely filing of formal claims with CITY and COUNTY.

14.     At all times herein relevant, Defendants CITY and COUNTY were the employer and/or principal of the Responding Deputies herein, and/or were and are legally responsible for the acts, omissions, and conduct of the Responding Deputies herein, within the meaning of Government Code §§ 815.2(a), 815.4, 820(a), among other provisions, and are liable to Plaintiff by reason thereof.

15.     At all times herein relevant, Defendants Responding Deputies, and each of them, were and are legally responsible for their acts, omissions, and conduct that gives rise to this lawsuit, within the meaning of Government Code § 820(a), among other provisions, and are liable to Plaintiff by reason thereof.

16.     Defendants Responding Deputies, and each of them, did the acts and omissions hereinafter alleged wilfully, intentionally, maliciously, in bad faith and with knowledge that their conduct violated well established and settled law.

## JURISDICTION AND VENUE

17.     This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by the U.S. Constitution, the Fourteenth

Amendment, and 42 U.S.C. § 1983.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1367.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in County of San Bernardino, State of California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

19.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs, as though fully set forth herein.

20.     On July 1, 2019, Plaintiff was at a residence located at 12720 Banyon Tree Lane, Victorville, California 92392, with Dada Iverson Thomas, an individual named Ivory, and Nicole Marie Fischer.  The Decedent arrived at the residence shortly before midnight, was visibly intoxicated on drugs and/or alcohol, was destructive, and was a danger to his own safety and to the safety others.  The police were called, and on or about July 2, 2019, just after midnight, Responding Deputies arrived at the residence at Banyon Tree Lane and made contact with Decedent.  Due to Decedent's visibly intoxicated state and his danger to himself and to others, Responding Deputies arrested Decedent and drove away with Decedent in custody in Responding Deputies' patrol vehicle.  Responding Deputies' custodial duties required them to take Decedent to the Victor Valley Station for booking and to maintain Decedent in custody there until he was no longer intoxicated and a danger to his own safety and the safety of others.  Instead of doing so, Responding Deputies dropped Decedent off at a Motel 6 and released him from custody when he was still visibly intoxicated and incapable of taking care of himself.  The desk clerk at the Motel 6 later called the police on Decedent as he was being destructive in the lobby of the Motel 6.  After around 1:30 a.m. on July 2, 2019, Responding Deputies return to Motel 6 and again place Decedent under arrest, take him into custody, and drive Decedent off in their patrol vehicle as he was still visibly intoxicated and a danger to his own safety and the safety

of others.  Instead of taking Decedent to the Victor Valley Station, Responding Deputies drop Decedent off at the Green Tree Inn located at 14173 Green Tree Boulevard, Victorville, California 92395, and leave him there while Decedent is still visibly intoxicated, a danger to his own safety, and a danger to the safety of others. Next, Decedent, while being in a state unable to take care of himself, wanders onto the I-15 freeway nearby where he is struck by a passing vehicle driven by Nicole Fischer and ultimately leading to Decedent's death.

21.     On July 2, 2019, Responding Deputies knew that Decedent was intoxicated and a danger to his own safety and the safety of others, knew that Decedent must be kept in custody until he was no longer intoxicated, and knew that Decedent would face great bodily harm and death if Decedent was not kept in custody, yet in reckless disregard of that knowledge, the Responding Deputies released Decedent even though a reasonable deputy in the Responding Deputies' position would have appreciated the high degree of risk and harm involved.  The Responding Deputies were deliberately indifferent to the substantial risk of harm that Decedent faced.

22.     On July 2, 2019, Lasandra Benford, the biological mother of Plaintiff, called the Victor Valley Station to obtain information regarding where Decedent was taken into custody, and the Victor Valley Station operator indicated that Decedent was never brought into the station and was dropped off at a hotel.

23.     Plaintiff is informed and believes and thereon alleges Defendants Responding Deputies and MILES KOWALSKI quickly reached a meeting of minds to cover up their illegal behavior and conspired with one another to fabricate facts and details regarding Decedent's incident, withhold and/or destroy evidence of the incident, and put themselves in the best possible but false light, attempting to justify their failures as alleged herein, all in violation of Decedent's and Plaintiff's rights against this manner of misconduct under California and federal law.

24.     The aforementioned incident caused Decedent's death and to suffer pre-death pain and suffering and loss of life, and Plaintiff to suffer damages, all to be proven at the time of trial.

**FACTS RELATED TO PLAINTIFF'S PUBLIC RECORDS ACT REQUEST**

25.     On July 26, 2019, Plaintiff submitted a California Public Records Act ("CPRA", Gov't Code §§ 6250, et seq.) Request to the San Bernardino County Sheriff's Department requesting: (1) all incident, contact, and reports concerning Decedent's incident on July 2, 2019; (2) all probable cause declarations or reports related to Decedent's arrest or contact; (3) all photographs of Decedent's arrest or contact; (4) all videos concerning the arrest or contact of Decedent, including body camera videos and MVARS; (5) all evidence gathered by Deputies; (6) the identity of the Deputies who contacted Decedent; (7) the identity of the Deputies who arrested Decedent; (8) all custody logs of Decedent; (9) all booking evidence of Decedent; (10) all documents evidencing Decedent's release from custody; (11) the identity of the Deputies who released Decedent from custody; (12) the time in which Decedent was released from custody; and, (13) all witness statements related to the incident. Plaintiff's request fully complied with the CPRA.

26.     On August 20, 2019, Plaintiff had not received a response to his July 26, 2019 CPRA request, so another request was sent to the San Bernardino County Sheriff's Department on August 20, 2019, requesting the same evidence and information from the July 26, 2019 CPRA request.

27.     On August 29, 2019, MILES KOWALSKI responded on behalf of the San Bernardino County Sheriff's Department to Plaintiff's July 26, 2019 CPRA request, and produced only a one-page redacted CAD Log concerning calls for Decedent being hit on the I-15 freeway.  The CAD Log did not reflect any of the information concerning Decedent's contact, arrest, custody, and/or release, or the involved deputies.  MILES KOWALSKI claimed that the "Department does not possess arrest

1  information for July 2, 2019," but also claimed records were privileged pursuant to

2  Government Code section 6254(f).

3  28.     On September 2, 2019, Plaintiff responded to MILES KOWALSKI indicating

4  that Mr. Kowalski's response is unclear if any documents are being withheld, and if

5  so, that a privilege log needs to be provided.  Plaintiff further provided that "[s]pecific

6  with detentions and arrests of citizens, the legislative intent in requiring disclosure

7  under the Public Records Act of arrest, detention, and contact information was to

8  continue common-law tradition of contemporaneous disclosure of individualized

9  arrest information to prevent secret arrests and to mandate continued disclosure of

10  customary and basic law enforcement information to the public.  (*County of Los*

11  *Angeles v. Superior Court* (1993) 18 Cal.App.4th 588.)  And, any omitted information

12  of facts and circumstances of arrests is deemed non-complaint with the California

13  Public Records Act.  (*Fredericks v. Superior Court* (2015) 233 Cal.App.4th 209.)"

14  Plaintiff again requested that the San Bernardino County Sheriff's Department

15  complies with the CPRA and produce the original thirteen (13) items requested.

16  29.     On September 9, 2019, Plaintiff sent a different CPRA request to the San

17  Bernardino County Sheriff's Department requesting: (1) all 911 audio calls made from

18  or near 12720 Banyon Tree Lane, Victorville, CA 92392, from 10:00 p.m. on July 1,

19  2019 through 3:00 a.m. on July 2, 2019; and (2) 911 call logs regarding the same.

20  Plaintiff's request fully complied with the CPRA.

21  30.     On September 16, 2019, County Counsel for the San Bernardino County

22  Sheriff's Department sent an email to Plaintiff's Counsel claiming "[t]here are no

23  arrests for Mr. Pleasant, from January 1, 2019 to July 2, 2019," which was and is an

24  untrue statement.

25  31.     On September 24, 2019, MILES KOWALSKI responded to Plaintiff's

26  September 9, 2019 CPRA request and objected to producing responsive documents by

27  claiming said records were privileged pursuant to Government Code section 6254(f).

28

32.     On October 22, 2019, MILES KOWALSKI responded to Plaintiff's September 2, 2019 CPRA request and produced a two-page CAD Log for the contact of Decedent at Motel 6 only, and no documents were produced regarding the contact of Decedent at 12720 Banyon Tree Lane, Victorville, CA 92392, including the identity of the deputies at Bayon Tree Lane.  Additionally, MILES KOWALSKI did not produce documents and information responsive to all thirteen (13) requests made in Plaintiff's September 2, 2019 CPRA request.

33.     On information and belief, Plaintiff believes that other individuals are legally responsible for the death of Decedent, but for Defendant MILES KOWALSKI's failure to properly comply with the California Public Records Act, Plaintiff was precluded from properly identifying other culpable individuals.

## FIRST CLAIM FOR RELIEF

### Failure to Protect (42 U.S.C. § 1983)

### (Against Responding Deputies)

34.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 19 through 33, as though fully set forth herein.

35.     Plaintiff brings this claim as the successor-in-interest of Decedent pursuant to Code of Civil Procedure Sections 377.11, 377.30.

36.     The actions and inactions of Defendants Responding Deputies, as described above, deprived Decedent of the following clearly established rights under the United States Constitution, including, but not limited to the right to be protected while in custody as secured by the Fourth and Fourteenth Amendments, the right to be free from unlawful, reckless, deliberately indifferent, and conscience shocking failure to provide safe conditions of confinement as secured by the Fourteenth Amendment, and the right to procedural and substantive due process as secured by the Fourteenth Amendment.

37.     During all times mentioned herein, Defendants Responding Deputies, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, practices, customs and usages of their principals, Defendants CITY and COUNTY.  Each of the individual Defendants herein, separately and in concert, deprived Decedent of the rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, and by the laws of the United States.

38.     The above acts of omissions of Defendants Responding Deputies were undertaken while under color of state law and resulted in the violation of Decedent's constitutional rights, as stated herein.

39.     The actions of Defendants Responding Deputies, and each of them, deprived Decedent of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

40.     As a result of the conduct of Defendants Responding Deputies, and each of them, they are liable for Decedent's harm and death, either because they were integral participants in the violations described herein, or because they failed to intervene to prevent these violations.  Defendants actions and/or omissions were the direct and proximal cause of Decedent's damages and death.

41.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants Responding Deputies, the Decedent sustained general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial.

42.     The conduct of Defendants Responding Deputies was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

43.     Accordingly, Defendants Responding Deputies are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## SECOND CLAIM FOR RELIEF

### Due Process—Interference with Parent/Child Relationship (42 U.S.C. § 1983)
### (Against Responding Deputies)

44.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 19 through 33, as though fully set forth herein.

45.     This claim arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiff by said statutes, and by the Fourteenth Amendment of the United States Constitution Due Process Clause.

46.     Parents and children possess a constitutionally protected liberty interest in companionship and society with each other.

47.     Defendants Responding Deputies, and each of them, actions and inactions deprived Plaintiff of both procedural due process and substantive due process as guaranteed to the Plaintiff under the Fourteenth Amendment of the United States Constitution when Defendants Responding Deputies' actions and inactions proximately caused Decedent's death.  Defendant Responding Deputies' actions and inactions did not further any legitimate state interest and were oppressive and shock the conscience under under the Fourteenth Amendment's Due Process Clause and were done with deliberate indifference to Plaintiff's right to be free from state actions.

48.     The above acts of omissions of Defendants Responding Deputies were undertaken while under color of state law and resulted in the violation of Plaintiff's constitutional rights, as stated herein.

49.     The actions of Defendants Responding Deputies, and each of them, deprived Plaintiff of his right to be free from state actions that shock the conscience under the Fourteenth Amendment's Due Process Clause.

50.     As a result of the conduct of Defendants Responding Deputies, and each of them, they are liable for Decedent's harm and death, either because they were integral participants in the violations described herein, or because they failed to intervene to prevent these violations.  Defendants actions and/or omissions were the direct and proximal cause of Decedent's death and Plaintiff's damages.

51.     As a direct and proximate result of the death of Decedent by the above-described conduct of Defendants Responding Deputies, Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this Decedent in an amount according to proof at trial.

52.     The conduct of Defendants Responding Deputies was willful, wanton, malicious and done with an evil motive and intent and a reckless disregard for the rights and safety of Decedent and the rights of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to Defendants.

53.     Accordingly, Defendants Responding Deputies are liable to Plaintiff for compensatory and punitive damages under 42 U.S.C. § 1983.

## THIRD CLAIM FOR RELIEF

### Due Process—State Created Danger (42 U.S.C. § 1983)

### (Against Responding Deputies)

54.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 19 through 33, as though fully set forth herein.

55.     Plaintiff brings this claim as an individual and the successor-in-interest of Decedent pursuant to Code of Civil Procedure Sections 377.11, 377.30, 377.62.

56.     This claim arises under 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Decedent and

1   to Plaintiff by said statutes, and by the Fourteenth Amendment of the United States
2   Constitution Due Process Clause.

3   57.     Defendants Responding Deputies' actions placed Decedent in an actual,
4   particularized danger by creating and exposing Decedent to the danger as alleged
5   herein which Decedent would not have faced but for Defendants' actions.

6   58.     By Defendants Responding Deputies' acts and omissions, Defendants acted
7   with deliberate indifference to the known and obvious danger to Decedent's health
8   and safety.

9   59.     As a result of the conduct of Defendants Responding Deputies, and each of
10  them, they are liable for Decedent's harm and death, either because they were integral
11  participants in the violations described herein, or because they failed to intervene to
12  prevent these violations.  Defendants actions and/or omissions were the direct and
13  proximal cause of Decedent's death and Plaintiff's damages.

14  60.     As a direct and proximate result of the death of Decedent by the above-
15  described conduct of Defendants Responding Deputies, the Decedent sustained
16  general damages, including pre-death pain and suffering, and loss of enjoyment of life
17  and other hedonic damages in an amount according to proof at trial, and Plaintiff has
18  sustained substantial non-economic damages of pain and suffering and emotional
19  distress resulting from the loss of the love, companionship, comfort, affection, society,
20  attention, services, and moral support damages of this Decedent in an amount
21  according to proof at trial.

22  61.     The conduct of Defendants Responding Deputies was willful, wanton,
23  malicious and done with an evil motive and intent and a reckless disregard for the
24  rights and safety of Decedent and the rights of Plaintiff, and therefore warrants the
25  imposition of exemplary and punitive damages as to Defendants.

26  62.     Accordingly, Defendants Responding Deputies are liable to Plaintiff for
27  compensatory and punitive damages under 42 U.S.C. § 1983.

28  //

**FOURTH CLAIM FOR RELIEF**

*Monell* **Claim (42 U.S.C. § 1983)**

**(Against Defendants CITY and COUNTY)**

63.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 19 through 33, as though fully set forth herein.

64.     Defendants CITY and COUNTY are and at all times herein mentioned have been a public entity and incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendants CITY, COUNTY, and the VPD possessed the power and authority to adopt polices and prescribe rules, regulations and practices affecting the operation of the CITY, COUNTY, and of the VPD and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance and the proper application of their powers of arrest by its rank and file, generally.

65.     At all times herein mentioned, Defendants Responding Deputies, and each of them, were employees of the VPD acting under the CITY's and COUNTY's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the Fourth and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged the employment, deployment and retention of persons as peace officers who have a propensity for failing to protect citizens in custody, failing to provide safe conditions of confinement, dishonesty, cover-up, bias, and numerous other serious abuses of their duties as peace officers in the employment of the VPD, CITY, and COUNTY.

66.     Defendants CITY and COUNTY knowingly maintain and permit official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth

above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute officers who commit acts of failing to protect citizens in custody, failing to provide safe conditions of confinement, dishonesty, cover-up, bias, and crimes under color of law, each ratified and approved by the VPD.

67.     On and for some time prior to July 2, 2019 (and continuing to the present date), Defendants CITY and COUNTY, deprived Decedent and Plaintiff of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, of Decedent and Plaintiff, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized CITY and COUNTY custom, policy, and practice of, or ratified, directed, encouraged, and/or allowed the following:

    (a)     Defendants CITY and COUNTY had knowledge, prior to and since this incident, of repeated allegations of misconduct toward detainees and arrestees; specifically, CITY and COUNTY knew Defendants Responding Deputies, and each of them, had in the past and since Decedent's incident, committed similar acts of failing to protect citizens in custody, failing to provide safe conditions of confinement, falsifying reports, suppressing evidence, and dishonesty, thereby enabling Defendants to continue to violate the constitutional rights of the Decedent and Plaintiff in 2019 and thereafter;

    (b)     Defendants CITY and COUNTY had knowledge, prior to and since this incident, of similar allegations of failing to protect citizens in custody, failing to provide safe conditions of confinement, falsifying reports, suppressing evidence, and dishonesty by Defendants, and refused to

enforce established administrative procedures to insure the rights of detainees and arrestees;

(c)    Defendants CITY, COUNTY, and VPD refused to adequately discipline individual officers and employees found to have committed similar acts of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct;

(d)    Defendants CITY, COUNTY, and VPD refused to competently and impartially investigate allegations of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct alleged to have been committed by Department employees;

(e)    Defendants CITY, COUNTY, and VPD reprimanded, threatened, intimidated, demoted and fired officers who courageously reported unlawful acts by other officers;

(f)    Defendants CITY, COUNTY, and VPD covered up acts of misconduct and abuse by CITY and COUNTY officers and sanctioned a code of silence by and among officers and management;

(g)    Defendants CITY, COUNTY, and VPD knew of and sanctioned the custom and practice of failing to protect citizens in custody, failing to provide safe conditions of confinement, and misconduct;

(h)    Defendants CITY, COUNTY, and VPD failed to adequately supervise the actions of officers under their control and guidance;

(i)    Defendants CITY, COUNTY, and VPD historically condone and encourage systemic conspiracy of silence among its employees for the purpose of concealing and further wrongful and illegal conduct by its employees; and,

(j)    Defendants CITY, COUNTY, and VPD fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by July 2, 2019,

and thereafter, represented the unconstitutional policies practices and customs of the CITY, COUNTY, and VPD.

68.     By reason and pursuant to the aforesaid policies, practices, customs, and usages of Defendants CITY, COUNTY, and the VPD, the Decedent sustained general damages, including pre-death pain and suffering, and loss of enjoyment of life and other hedonic damages in an amount according to proof at trial, and Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this Decedent in an amount according to proof at trial.

69.     Defendants CITY, COUNTY, and the VPD, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies.  Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent and Plaintiff, and other individuals similarly situated.

70.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants CITY, COUNTY, and VPD acted with an intentional, reckless, and callous disregard for the well being of Decedent and Plaintiff and their constitutional as well as human rights.  Defendants CITY, COUNTY, and VPD and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

71.     Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants CITY, COUNTY, and the VPD were affirmatively linked to and were a significantly influential force and moving force behind Decedent's death and Plaintiff's damages.

72.     By reason of the aforesaid policies, customs, practices and usages, Decedent's Fourth and Fourteenth Amendments to the United States Constitution were violated along with Plaintiff's Fourteenth Amendment rights.  Said customs, policies, practices and usages at all times herein mentioned violated constitutional rights including those of Decedent and Plaintiff.

73.     Accordingly, Defendant CITY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

## FIFTH CLAIM FOR RELIEF

### Bane Act Violation (Cal. Civ. Code § 52.1)

### (Against All Defendants save MILES KOWALSKI)

74.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 19 through 73, as though fully set forth herein.

75.     The actions of all Defendants, save MILES KOWALSKI, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and/or coercion, the exercise or enjoyment by Decedent the rights secured to him by the California Constitution and otherwise by California law, in violation of California Civil Code § 52.1.  Specifically, Defendants Responding Deputies, and each of them, failed to protect Decedent while in custody and failed to provide safe conditions of confinement of Decedent when said Defendants had a legal obligation to do so.  Defendants violated California Constitution Article 1, Sections 1 and 13 regarding Plaintiff's freedom, independence, liberty, obtaining safety and happiness, and right to be free from an unreasonable seizure of his person.

76.     Defendants Responding Deputies are liable to Plaintiff for said violations of Decedent's constitutional rights, pursuant to California Civil Code § 52.1, and California Government Code § 820(a), amongst other provisions.

77.     Defendants CITY and COUNTY are liable to Plaintiff for said violations of Decedent's constitutional and statutory rights, pursuant to California Civil Code §

52.1, and California Government Code §§ 815.2(a), 815.4, 820(a), amongst other provisions.

78.     As a direct and proximate result of the actions of Defendants, as complained of herein, Decedent died, and Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this Decedent in an amount according to proof at trial.

79.     As a direct and proximate result of the foregoing, Plaintiff has damages as recited above and demands and is entitled to, including, but not limited to, general, special and punitive damages (except as to Defendants CITY and COUNTY for punitive damages), treble compensatory damages, attorney's fees, and any other relief allowable at law or in equity.

## SIXTH CLAIM FOR RELIEF

### Negligence

### (Against All Defendants save MILES KOWALSKI)

80.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 19 through 79, as though fully set forth herein.

81.     By virtue of the foregoing, Defendants Responding Deputies, CITY, COUNTY, and each of them, owed Decedent a duty of due care, and that duty was breached by said Defendants' negligence and failure to exercise due care in dealing with, detaining, arresting, failing to protect Decedent while in custody, and failing to provide safe conditions of confinement for Decedent.

82.     Defendants CITY and COUNTY possessed the power and authority to hire and fire employees of the VPD and based upon information and belief and negligently hired Defendants Responding Deputies, and each of them, as police officers, and entrusted them with the following duties: protect citizens during

1  detainment and arrests, protect detainees and arrestees in custody, and provide safe

2  conditions of confinement of detainees and arrestees.

3  83.  By virtue of the foregoing, Defendants CITY and COUNTY owed Decedent a

4  duty of due care, and that duty was breached by said Defendants' negligent and

5  careless manner in hiring, training, supervising and retaining by, among other things:

6        a)  Failing to adequately train its officers in the detention, arrest, and

7  custody of citizens;

8        b)  Failing to adequately train its officers to protect citizens in custody and

9  to provide safe conditions of confinement for citizens in custody;

10       c)  Failing to adequately investigate background, training and experience as

11  a officer and his propensity for disobedience;

12       d)  Failing to provide adequate supervisory control over the actions of its

13  officers in regard to adequate training, supervision, equipment, planning, oversight,

14  and administration;

15       e)  Failing to control the conduct of its officers who have a known

16  propensity for disobedience and in failing to discipline its officers;

17       f)  Failing to investigate in good faith, allegations of abuse and failing to

18  protect citizens in custody by its officers;

19       g)  Failing to discipline its officers who improperly fail to protect and to

20  provide safe conditions of confinement during custody of citizens; and,

21       h)  Sanctioning, condoning and approving a law enforcement-wide custom

22  and practice of a code of silence, cover-up and dishonesty.

23  84.  Defendants Responding Deputies are liable to Plaintiff for said negligence

24  pursuant to California Government Code § 820(a), amongst other provisions.

25  85.  Defendants CITY and COUNTY are liable to Plaintiff for said negligence

26  pursuant to California Government Code §§ 815.2(a), 815.4, 820(a), amongst other

27  provisions.

28

86.     As a direct and proximate result of the actions of Defendants, as complained of herein, Decedent died, and Plaintiff has sustained substantial non-economic damages of pain and suffering and emotional distress resulting from the loss of the love, companionship, comfort, affection, society, attention, services, and moral support damages of this Decedent in an amount according to proof at trial.

87.     As a direct and proximate result of the foregoing, Plaintiff has damages as recited above and demands and is entitled to, including, but not limited to, general, special and punitive damages (except as to Defendants CITY and COUNTY for punitive damages), and any other relief allowable at law or in equity.

## SEVENTH CLAIM FOR RELIEF

**Violation of California's Public Records Act (Cal. Gov't Code §§ 6250, et seq.)**

**(Against Defendant MILES KOWALSKI)**

88.     Plaintiff re-alleges and incorporates herein by reference each and every allegation and statement contained in paragraphs 19 through 33, as though fully set forth herein.

89.     A California governmental entity has the duty to respond to a CPRA request made by an individual of the public.

90.     Plaintiff is a member of the public and is beneficially interested in the outcome of these proceedings; he has a clear, present and substantial right to the relief sought herein. Plaintiff has no plain, speedy and adequate remedy at law other than that sought herein.

91.     A member of the public who believes that public records are being improperly withheld may bring suit for mandate to enforce the CPRA. (Gov't Code §§ 6258, 6259(a).)  If the Court finds that the public official's decision to refuse disclosure is not justified, it shall order the public official to make the records public. (*Id.* § 6259(b).)

92.     Defendant MILES KOWALSKI's failure to provide a proper response to Plaintiff's CPRA Requests and/or to produce responsive documents and names

violates the California Public Records Act, which provides that "[p]ublic records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record, except as hereafter provided." (Gov't Code § 6253(a).)

93.     Defendant MILES KOWALSKI has a legal obligation to make all public records available for inspection by any member of the public upon request. Defendant MILES KOWALSKI has not made a valid claim that any of the documents and information sought are exempted from disclosure under proper statutory grounds for withholding documents.

94.     Defendant MILES KOWALSKKI has a policy and practice of not complying with the CPRA.

95.     As a result of Defendant MILES KOWALSKI's violation of the CPRA, Plaintiff is entitled to attorneys' fees, costs, and equitable relief from the Court to ensure compliance by Defendant MILES KOWALSKI with the CPRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants Responding Deputies, CITY, and COUNTY as follows:

1.     For general, special, hedonic, and compensatory damages in the amount to be proven at trial;

2.     For punitive damages in an amount to be proven at trial (save against CITY and COUNTY);

3.     For interest;

4.     For costs;

5.     For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. § 1988;

6.     For attorneys' fees pursuant to Civil Code §§ 52, 52.1;

7.     Any civil penalties, including treble damages and a minimum of $4,000.00; and,

8.      For such further other relief as the Court may deem just, proper, and appropriate.

AND WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendant MILES KOWALSKI as follows:

1.    For reasonable costs of this suit and attorneys' fees;

2.    For equitable relief to ensure compliance with the CPRA; and,

3.    For such further other relief as the Court may deem just, proper, and appropriate.

Date: April 1, 2020          **THE LAW OFFICE OF KEVIN S. CONLOGUE**

By: _____

     Kevin S. Conlogue
     Attorney for Plaintiff
     CLIFTON PLEASANT, JR.

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a trial by jury.

3

4  Date: April 1, 2020        **THE LAW OFFICE OF KEVIN S. CONLOGUE**

5

6

7

8                                By: _____   _____

9                                    Kevin S. Conlogue
                                     Attorney for Plaintiff
10                                   CLIFTON PLEASANT, JR.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF CLIFTON PLEASANT, JR.

I, Clifton Pleasant, Jr., declare that if called as a witness, I could and would testify competently to the following, of my own personal knowledge:

1. Clifton Pleasant, Sr. ("Decedent") is deceased.

2. Decedent passed away on or about July 2, 2019, in County of San Bernardino, State of California.

3. No proceeding is now pending in California for administration of the Decedent's estate.

4. I am the Decedent's successor in interest (as defined in Section 377.11 of the California Code of Civil Procedure) and succeed to the Decedent's interest in the action or proceeding.

5. No other person has a superior right to commence the action or proceeding or to be substituted for the Decedent in the pending action or proceeding as I am Decedent's only issue.

6. Attached hereto as Exhibit 1 is a true and correct copy of Decedent's death certificate and is incorporated herein.


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 1, 2020, at Lancaster, California.

By: _____

Clifton Pleasant, Jr.

EXHIBIT 1

# COUNTY OF SAN BERNARDINO
### SAN BERNARDINO, CALIFORNIA

**CERTIFICATE OF DEATH**

STATE FILE NUMBER: 3052019152293
LOCAL REGISTRATION NUMBER: 3201936008301

| Field | Value |
|---|---|
| NAME OF DECEDENT—FIRST | CLIFTON |
| MIDDLE | SAMUEL |
| LAST | PLEASANT |
| DATE OF BIRTH | 08/05/1970 |
| AGE | 48 |
| SEX | M |
| BIRTH STATE/FOREIGN COUNTRY | CALIFORNIA |
| EVER IN U.S. ARMED FORCES | X NO |
| MARITAL STATUS | DIVORCED |
| DATE OF DEATH | 07/02/2019 |
| HOUR | 0339 |
| EDUCATION | HS GRADUATE |
| DECEDENT'S RACE | AFRICAN AMERICAN |
| USUAL OCCUPATION | SMALL BUSINESS OWNER |
| KIND OF BUSINESS OR INDUSTRY | FOOD MANUFACTURING |
| YEARS IN OCCUPATION | 20 |

DECEDENT'S RESIDENCE: 13801 PARAMOUNT BLVD APT 6210

| CITY | COUNTY/PROVINCE | ZIP CODE | YEARS IN COUNTY | STATE/FOREIGN COUNTRY |
|---|---|---|---|---|
| PARAMOUNT | LOS ANGELES | 90723 | 38 | CA |

INFORMANT'S NAME, RELATIONSHIP: BRENDA PLEASANT, MOTHER
INFORMANT'S MAILING ADDRESS: 13801 PARAMOUNT BLVD APT 6210, PARAMOUNT, CA 90723

| NAME OF FATHER/PARENT—FIRST | MIDDLE | LAST | BIRTH STATE |
|---|---|---|---|
| SAMUEL | CLIFTON | PLEASANT | AL |

| NAME OF MOTHER/PARENT—FIRST | MIDDLE | LAST (BIRTH NAME) | BIRTH STATE |
|---|---|---|---|
| BRENDA | LUCCILLE | PLEASANT | CALIFORNIA |

| DISPOSITION DATE | PLACE OF FINAL DISPOSITION |
|---|---|
| 08/06/2019 | ROSE HILLS MEMORIAL PARK, 3888 WORKMAN MILL RD, WHITTIER, CA 90601 |

| TYPE OF DISPOSITION | SIGNATURE OF EMBALMER | LICENSE NUMBER |
|---|---|---|
| BU | ▶ JESSE GONZALES | EMB9512 |

| NAME OF FUNERAL ESTABLISHMENT | LICENSE NUMBER | SIGNATURE OF LOCAL REGISTRAR | DATE |
|---|---|---|---|
| ROSE HILLS MORTUARY | FD970 | ▶ MAXWELL OHIKHUARE, MD | 07/29/2019 |

| PLACE OF DEATH | COUNTY | FACILITY ADDRESS OR LOCATION WHERE FOUND | CITY |
|---|---|---|---|
| INTERSTATE | SAN BERNARDINO | I-15, 31 MILES S/O ROY ROGERS DR. ON RAMP | VICTORVILLE |

CAUSE OF DEATH: MULTIPLE BLUNT FORCE INJURIES

INST 7019004494

OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH: NONE

WAS OPERATION PERFORMED: NO

| MANNER OF DEATH | Accident | INJURED AT WORK | NO | INJURY DATE | HOUR |
|---|---|---|---|---|---|
| | X | | X | 07/02/2019 | 0339 |

PLACE OF INJURY: INTERSTATE

DESCRIBE HOW INJURY OCCURRED: PEDESTRIAN STRUCK BY VEHICLE ON INTERSTATE

LOCATION OF INJURY: INTERSTATE 15, 31 MILES S/O ROY ROGERS DRIVE ON RAMP VICTORVILLE, CA 92392

| SIGNATURE OF CORONER / DEPUTY CORONER | DATE | TYPE NAME, TITLE OF CORONER / DEPUTY CORONER |
|---|---|---|
| ▶ PAMELA SOKOLIK-PUTNAM | 07/25/2019 | PAMELA SOKOLIK-PUTNAM, DEP CORONER |

"010001004767588"

**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO
This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE SAN BERNARDINO ASSESSOR-RECORDER-CLERK.

002452951

AUG 3 0 2019