FILED

JUN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLIFTON PLEASANT, Jr., an individual and successor-in-interest of Clifton Pleasant, Sr., deceased, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> HUMBERTO MIRANDA; et al., <br><br> Defendants-Appellees. | No.   21-55784 <br><br> D.C. No. 5:20-cv-00675-JGB-SHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted May 13, 2022
Pasadena, California

Before: IKUTA, NGUYEN, and OWENS, Circuit Judges.

Clifton Pleasant, Jr. (Junior) appeals the district court's grant of summary judgment in favor of defendants Humberto Miranda, Tarron Broadway, the City of Victorville, the County of San Bernardino, Julian Mata, Jorge Palacios, and Omar

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Romero. Junior's claims arise from the death of his father, Clifton Pleasant, Sr. (Senior). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's summary judgment, and view the evidence in the light most favorable to the nonmoving party. *Martinez v. City of Clovis*, 943 F.3d 1260, 1269 (9th Cir. 2019). We also review de novo a district court's determination on qualified immunity. *Id.* at 1270.

The district court did not err in granting summary judgment in favor of the defendants on Junior's claim for a violation of 42 U.S.C. § 1983 based on the Due Process Clause of the Fourteenth Amendment. First, viewing the record in the light most favorable to Junior, no reasonable juror could find applicable the special-relationship exception to the "general rule" that "members of the public have no constitutional right to sue [public] employees who fail to protect them against harm inflicted by third parties." *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018) (quoting *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992)). At the time Senior suffered harm, he was not subject to "incarceration, institutionalization, or other similar restraint of personal liberty." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 972 (9th Cir. 2011) (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)).

Second, viewing the record in the light most favorable to Junior, no reasonable juror could find that the state-created danger exception to the general rule applied, given that Deputy Miranda did not leave Senior on the freeway, and the general risk of injury to an unsupervised intoxicated individual is not "an actual, particularized danger." *Martinez*, 943 F.3d at 1271. Moreover, because there is no evidence that Deputy Miranda was aware that Senior would wander onto the freeway, no reasonable juror could find that Deputy Miranda "kn[ew] that something was going to happen, but ignored the risk and exposed the plaintiff to it anyway." *Id.* at 1274 (cleaned up). Therefore, there was no genuine issue of material fact that Senior's constitutional due process right was violated.

Nor, as part of the qualified immunity determination, was the constitutional right alleged by Junior "clearly established at the time of the alleged misconduct." *Hernandez*, 897 F.3d at 1132 (quoting *Maxwell v. County of San Diego*, 708 F.3d 1075, 1082 (9th Cir. 2013)). As to the special relationship exception, Junior identifies no authority putting the question whether Deputy Miranda had a special relationship with Senior "beyond debate." *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam)). And we reject Junior's argument that *Munger v. City of Glasgow Police Department*, 227 F.3d 1082 (9th Cir. 2000), and *Penilla v. City of Huntington*

*Park*, 115 F.3d 707 (9th Cir. 1997) (per curiam), clearly establish that the state-created danger exception applies in this case. The risk of leaving an individual wearing a t-shirt and jeans outdoors in eleven-degree weather, *see Munger*, 227 F.3d at 1084, or of putting an individual who had collapsed from a medical incident into his house and locking the door so he could not be helped by third parties, *see Penilla*, 115 F.3d at 710, is particularized and obvious. These cases do not put the question whether Deputy Miranda exposed Senior to "an actual, particularized danger" by dropping him off a hundred yards from an agreed-upon motel beyond debate.

The district court did not err in granting summary judgment in favor of the defendants on Junior's claim for municipal liability. No reasonable juror could find that the County's custom of allowing deputies to give courtesy rides caused Senior's death, *see Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), because Senior was not harmed when Deputy Miranda gave him a courtesy ride; rather, he was harmed some time after he was dropped off. We reject Junior's argument that the County's custom failed to require its deputies to provide medical care to passengers in courtesy rides, or transport intoxicated passengers to detox centers, because the County had no obligation to do so. *See DeShaney*, 489 U.S. at 196.

The district court did not err in granting summary judgment in favor of the defendants on Junior's state law claims. First, summary judgment was warranted on Junior's claim for negligence. Deputy Miranda did not leave Senior on the freeway or otherwise expose him to danger, and therefore no reasonable juror could find that Deputy Miranda engaged in "affirmative acts that increase[d] the risk of harm to [Senior]." *Frausto v. Dep't of the Cal. Highway Patrol*, 267 Cal. Rptr. 3d 889, 905–06 (Ct. App. 2020). Second, summary judgment was warranted on Junior's claim for a violation of California Civil Code § 52.1 because there is no evidence that Deputy Miranda used "threats, intimidation, or coercion" at any point during his interaction with Senior, *Allen v. City of Sacramento*, 183 Cal. Rptr. 3d 654, 660 (Ct. App. 2015).

Finally, we reject Junior's argument that the district court should have denied the defendants' motion for summary judgment solely on the ground that the defendants allegedly destroyed or discarded a form that Deputy Miranda completed pursuant to California's Racial and Identity Profiling Act (RIPA). There is no indication that the RIPA form was "potentially relevant to the litigation," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006). Junior fails to establish that the effect of the alleged spoliation of the RIPA form on his ability to present his case was sufficiently significant to warrant denying defendants' motion for summary

5

judgment as a sanction.  *See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992).

**AFFIRMED.**